**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4643**

_____

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

REGINALD A. LLOYD,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  J. Frederick Motz, Senior District Judge.  (8:12-cr-00033-JFM-1)

_____

Submitted:  July 24, 2014         Decided:  August 6, 2014

_____

Before NIEMEYER, AGEE, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Joanna Silver, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Sujit Raman, Chief of Appeals, David A. O'Neil, Acting Assistant Attorney General, David M. Bitkower, Deputy Assistant Attorney General, Ross B. Goldman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Lloyd was convicted of Hobbs Act robbery, 18 U.S.C. § 1951(a) (2012), carrying and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A) (2012), and being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2012). He received an aggregate sentence of 192 months. Lloyd now appeals his conviction, arguing that the district court erroneously denied his motion to suppress certain statements made to police following his arrest but prior to the administration of Miranda warnings, see Miranda v. Arizona, 384 U.S. 436 (1966). We hold that the statements were admissible under the public safety exception to Miranda, and we therefore affirm.

On appeal from the district court's denial of a suppression motion, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013), cert. denied, 134 S. Ct. 1572 (2014). When a defendant's suppression motion is denied, we consider the evidence in the light most favorable to the Government, United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013), and defer to the district court's credibility determinations. United States v. Griffin, 589 F.3d 148, 150 n.1 (4th Cir. 2009).

An incriminating statement made while a suspect is in police custody will generally be admissible at trial only if the suspect is first warned of his right against self-incrimination. See Miranda v. Arizona, 384 U.S. at 478-79. If the custodial statement is made in response to police inquiries made to preserve their own safety or that of the public, however, the statement is admissible. New York v. Quarles, 467 U.S. 649, 659 (1984). An officer's pre-Miranda questioning is acceptable if it relates "to an objectively reasonable need to protect the police or the public from any immediate danger associated with [a] weapon." Id. at 659 n.8. "The exception . . . will be circumscribed by the exigency which justifies it." Id. at 658.

Here, the exception clearly applied. Following the armed robbery of a store, Officers Ward and Guerra heard a radio broadcast describing the two suspects and the vehicle in which they were traveling. Within minutes of the broadcast, the officers observed a vehicle matching the description. They initiated a traffic stop, and the suspect vehicle pulled over. However, when Officer Guerra exited the patrol car, the vehicle fled from the scene, leading the officers on a high-speed chase during which the suspect vehicle drove erratically through heavy traffic. The vehicle came to a stop only when the driver lost control and crashed into a vehicle at another gas station.

The officers could not see into the car because its windows were fogged up. When no one in the car responded to repeated commands that the occupants exit and identify themselves, Officer Ward opened the passenger-side door, finding Lloyd in the driver's seat. When Lloyd did not exit the vehicle as instructed, Officer Ward physically removed him, placed him on the ground, and arrested him. Ward asked Lloyd where the gun was. Lloyd responded, "It's in the back." Ward and Guerra could not see into the car from their position. Ward walked to the vehicle, looked in, and saw no one. He asked where the second suspect was. Lloyd replied, "He got out."

Ward testified that he asked these two questions because the radio broadcast to which he and Officer Guerra responded stated that there were two armed suspects. The officers had reason to believe that there were weapons in the vehicle and that there might be another suspect in or near the vehicle. Because the officers reasonably were concerned about their safety and that of citizens in the immediate area, the questions were permissible, and the incriminating responses admissible, under the public safety exception.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented

in the material before the court and argument would not aid the decisional process.

AFFIRMED